Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECAL[1]

| | | |
|---|---|---|
| SUN BORICUA PAL MUNDO, INC.<br><br>Demandante - Peticionario<br><br>v.<br><br>ENGIWORKS, INC.<br><br>Demandado – Recurrido | TA2025CE00457<br><br>consolidado con<br><br>TA2025RE00007 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Civil núm. CG2021CV01263<br><br>Sobre:<br>Cobro de Dinero e Incumplimiento Contractual |
| SUN BORICUA PAL MUNDO, INC.<br><br>Demandante - Recurrido<br><br>v.<br><br>ENGIWORKS, INC.<br><br>Demandado – Peticionario | TA2025CE00551 | |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de octubre de 2025.

El Tribunal de Primera Instancia ("TPI") ordenó la ejecución de una sentencia, denegó resolver por la vía sumaria una reclamación todavía pendiente y le impuso tres sanciones a una de las partes por supuesto incumplimiento con órdenes del tribunal. Según se explica a continuación, concluimos que (i) el TPI podía válidamente ordenar la ejecución de la sentencia, pues la misma advino final y firme; (ii) en el ejercicio de nuestra discreción,

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron los correspondientes recursos anteriores (KLAN202400132 y KLAN202400155).

declinamos la invitación a intervenir con la determinación de denegar la moción de sentencia sumaria de la parte demandada; y (iii) procede revocar dos de las sanciones impuestas.

I.

Sun Boricua Pal Mundo Inc. (el "Demandante" o "Cliente") presentó la acción de referencia, sobre cobro de dinero e incumplimiento contractual (la "Demanda"), en contra de Engiworks Inc. (el "Demandado" o "Contratista"). El Demandante expuso que "se dedica a la manufactura de frituras y venta al por mayor de estas". Alegó que contrató al Demandado para la "manufacturación e ingeniería de un *cutter roller made of delrin*" (la "Pieza"), lo cual era "esencial para el funcionamiento de [sus] equipos". Expuso que pagó un depósito, pero el Contratista "nunca entregó la pieza según acordado". Solicitó al TPI que se ordenara al Contratista pagar "$2,117.92 por concepto del pago adelantado", más "$10,000.00 por concepto de daños".

Luego de varios trámites, en septiembre de 2023, el TPI emitió una Sentencia Sumaria (la "Sentencia") mediante la cual declaró con lugar la Demanda y, así, condenó al Contratista a pagar $2,500.00 al Demandante, más $1,500.00 por honorarios de abogado.

Ambas partes apelaron la Sentencia. Por un lado, el Contratista impugnó la determinación del TPI de obligarle a devolver el depósito y de condenarle a pagar honorarios por temeridad. Por otro lado, el Cliente impugnó la omisión del TPI de adjudicar lo relacionado con su reclamación de daños.

El 6 de mayo de 2024, este Tribunal emitió una Sentencia ("Nuestra Sentencia Anterior"; véase KLAN202400132 cons. con KLAN202400155). Concluimos que el TPI no cometió los errores señalados por el Contratista; en particular, determinamos que procedía la "resolución del convenio y la devolución del pago de $2,500.00". Además, sostuvimos la determinación del TPI sobre los

honorarios de abogado; sobre ello consignamos que la conducta litigiosa del Contratista reflejaba "clara obstinación y terquedad".

Por otra parte, en Nuestra Sentencia Anterior, concluimos que el TPI había errado al disponer del caso sin adjudicar lo referente a los daños económicos que el Cliente alega haber sufrido a raíz del incumplimiento contractual del Demandado, por lo cual devolvimos el caso al TPI para que dicho foro atendiera este asunto.

II.

Devuelto el caso al TPI, el Demandante solicitó la ejecución de lo dispuesto en la Sentencia en cuanto a la devolución del depósito y la condena de honorarios. Inicialmente, el TPI denegó dicha solicitud, pero luego reconsideró. No obstante, a pesar de varias peticiones al respecto por parte del Demandante, el TPI no expidió la correspondiente orden y mandamiento de embargo hasta el **1 de octubre de 2025**. Al así actuar, el TPI se reafirmó en que la Sentencia podía ser ejecutada en esta etapa, en atención al hecho de que la controversia sobre el depósito y los honorarios por temeridad se había resuelto de forma final y firme, tanto por el TPI como por este Tribunal.

Mientras tanto, el Contratista solicitó que el asunto pendiente (reclamación de daños por incumplimiento contractual) se resolviera por la vía sumaria. Mediante una Resolución notificada el 3 de octubre de 2025 (la "Resolución"), el TPI denegó la referida moción de sentencia sumaria (la "Moción"). El TPI razonó que existía controversia sobre la existencia y monto de los daños alegados, lo cual requería la celebración de un juicio. El TPI subrayó que el Contratista no le colocó en posición de determinar que los daños alegados no existen.

Por su parte, a pesar de que, en una vista de 15 de mayo de 2025, el TPI dispuso que, el 15 de septiembre de 2025, se celebraría la conferencia con antelación a juicio, y que las partes deberían

antes someter el correspondiente informe (el "Informe"), ninguna de las partes lo sometió antes de dicha fecha.

Además, el **10 de septiembre**, el TPI ordenó a las partes notificarle, dentro de **cinco días**, "si hay un caso ante el apelativo … y si hay orden de paralización".

El **12 de septiembre**, el TPI emitió una Orden (la "Primera Orden") mediante la cual le impuso a cada una de las partes una sanción $500 por no someter el Informe y otra de $100 por no cumplir con la orden del 10 de septiembre. Ese mismo día, el Contratista solicitó la reconsideración de la Primera Orden pero, al día de hoy, **dicha solicitud todavía está pendiente**. Por su parte, ese mismo día, el Demandante también solicitó la reconsideración de la Primera Orden, lo cual el TPI sí denegó mediante un dictamen notificado más tarde ese día (12 de septiembre).

A la vez, el mismo 12 de septiembre, el TPI ordenó a las partes presentar el Informe y "cargar la prueba **en el día de hoy** a más tardar a las 5:00pm so pena de severas sanciones" (énfasis suplido).

A las 3:09pm del 12 de septiembre, el Contratista presentó su parte del Informe. Mientras, a las 4:25pm, el Demandante presentó un Informe "integrado"; en el mismo se añadió, a la parte presentada por el Contratista, la parte del Demandante.

Media hora luego, el Contratista presentó una *Moción en Oposición al Informe Presentado y Solicitud de Sanciones*. Sostuvo que el Demandante presentó un "borrador de informe integrado muy distinto al presentado por la parte demandada, sin contar con nuestro consentimiento".

El 15 de septiembre, el TPI emitió una Orden (la "Segunda Orden"), mediante la cual le impuso al Demandante una "nueva sanción de $500 … por incumplir con las órdenes del Tribunal." El TPI no hizo referencia a qué orden se refería ni tampoco elaboró sobre el supuesto incumplimiento.

II.

El 15 de septiembre, el Demandante presentó uno de los recursos que nos ocupa (TA2025RE00007). Solicitó que expidiéramos un auto de mandamus dirigido al TPI, en atención a que, para dicha fecha, el TPI aún no había expedido "las órdenes correspondientes a la ejecución" de la Sentencia.

Al respecto, **concluimos que procede la desestimación del recurso por académico**. Ello ante el hecho de que, luego de presentado el recurso y según arriba expuesto, el TPI ya adjudicó lo relacionado con la ejecución de la Sentencia.

III.

Por otra parte, el 15 de septiembre, el Demandante presentó otro de los recursos que nos ocupa (TA2025CE00457). En esencia, impugnó la imposición de las sanciones en su contra. Arguyó que el TPI no debió exigir que se presentara el Informe antes de haber determinado si habría que "relitigar los hechos" adjudicados en la Sentencia. También planteó que las sanciones, ascendentes a $1,100.00, resultaban excesivas dadas las circunstancias procesales del caso.

El 17 de septiembre, le ordenamos al Contratista mostrar causa por la cual no debíamos expedir el auto solicitado y revocar la Segunda Orden.

El Contratista compareció. Señaló que las sanciones impuestas a través de la Segunda Orden se justificaban porque el Demandante le privó de la "oportunidad de objetar la prueba anunciada" por el Demandante, al presentar su parte del Informe sin su consentimiento y sin haberle consultado previamente. El Contratista admitió que el Informe "conjunto" presentado por el Demandante incluía adecuadamente su parte del mismo, pero que el Demandante había "modific[ado] el formato" e integrado su propia

parte sin permitirle "revisarla, examinar la prueba anunciada ni objetar su admisibilidad, teoría u otros aspectos esenciales".

IV.

Por su parte, el 3 de octubre, el Contratista presentó el otro recurso que nos ocupa (TA2025CE00551). En primer lugar, solicita la revisión de la Resolución. Arguye que el Demandante "no ha alegado, ni pormenorizado, las alegadas ganancias netas alegadamente frustradas o perdidas".

Además, el Contratista plantea que erró el TPI al ordenar la ejecución de la Sentencia. Arguye que ello era improcedente porque la Sentencia "no cumple con los requisitos de la Regla 42.3 de Procedimiento Civil", por lo que no puede considerarse una sentencia final que pueda ejecutarse.

V.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

La Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52.1, reglamenta en qué circunstancias este Tribunal podrá expedir un auto de *certiorari*; al respecto, dispone, en lo pertinente (énfasis suplido):

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido

por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

…

La Regla 40 del Reglamento del Tribunal de Apelaciones ("Regla 40"), *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, a la pág. 59, 215 DPR __ (2025), establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La denegación, o desestimación, de una petición de expedición del auto de *certiorari* no impide a la parte afectada reproducir su planteamiento en apelación. *Torres Martínez, supra.*

VI.

Abordamos primero lo planteado por el Demandante en su recurso de *certiorari*. Concluimos que (i) no se justifica nuestra intervención con la sanción de $500 impuesta al Demandante a través de la Primera Orden; (ii) erró el TPI al imponer una sanción adicional (de $100) cuando todavía no había transcurrido el término que el propio TPI brindó a la parte para cumplir con la orden cuyo supuesto incumplimiento provocó la sanción y (iii) el récord no justifica la tercera sanción impuesta al Demandante a través de la Segunda Orden.

En cuanto a lo primero, hemos determinado, en el ejercicio de nuestra discreción, no intervenir con la sanción de $500 impuesta al Demandante por el TPI a través de la Primera Orden. Ello porque el récord es claro en cuanto a que el Demandante no cumplió con la orden del TPI a los efectos de que se presentara oportunamente el Informe. Contrario a lo que plantea el Demandante, no tiene pertinencia que el TPI, en dicho momento, no hubiese expedido todavía las órdenes y mandamientos de embargo para ejecutar la Sentencia. Ello de forma alguna incidía sobre el debido trámite del asunto que le restaba al TPI por adjudicar, particularmente cuando, ni el TPI, ni el Contratista, planteó la posibilidad de que realmente hubiese que re-litigar lo relacionado con el depósito sobre el cual el TPI y este Tribunal ya habían dispuesto.

En cuanto a lo segundo, el error del TPI es patente. La Orden cuyo supuesto incumplimiento motivó la sanción de $100.00 exigía a las partes brindar cierta información al TPI dentro del término de <u>cinco días</u>. Sin embargo, solo <u>dos días</u> luego de emitida la Orden, el TPI impuso la referida sanción por haberse incumplido con la

referida Orden.  Al así actuar, el TPI se precipitó, pues no le brindó a las partes la oportunidad de cumplir dentro del término establecido por el propio tribunal.

En cuanto a lo tercero, concluimos que no se justifica la sanción de $500 impuesta al Demandante a través de la Segunda Orden.  Aunque el Demandante no mostró su porción del Informe al Contratista antes de presentarlo, el Demandante incorporó al mismo la porción del Contratista, y no representó que el Contratista hubiese inspeccionado o estipulado alguna parte de la porción del Demandante.  Tampoco podemos concluir que lo actuado por el Demandante hubiese afectado los derechos del Contratista; de hecho, este último informó prontamente al TPI sobre su postura en cuanto a lo informado por el Demandante y el TPI tendrá la oportunidad de adjudicar al respecto.

VII.

Finalmente, consideramos lo planteado por el Contratista en su recurso de *certiorari*. Concluimos que no está presente circunstancia alguna que justifique nuestra intervención con lo actuado por el TPI en cuanto a ordenar la ejecución de la Sentencia y denegar la Moción.

Sobre la ejecución de la Sentencia, es patente que el TPI tenía la autoridad para ordenar su ejecución.  Se trata de un dictamen final y firme del TPI.  Contrario a lo planteado por el Contratista, no tiene pertinencia alguna que la Sentencia no contenga el lenguaje que se utiliza cuando el tribunal emite una sentencia parcial, pues, al emitirse la Sentencia, el TPI dispuso de la totalidad del caso, por lo cual no era necesario incorporar dicho lenguaje.  Fue solo a raíz del proceso ante este Tribunal que se determinó que, aunque el TPI había actuado correctamente en cuanto al asunto adjudicado en la Sentencia, el caso debía ser devuelto porque el TPI había errado al denegar sumariamente la reclamación sobre los daños alegados por

el Demandante.  En ese contexto, la totalidad del trámite refleja que, en cuanto a lo dispuesto en la Sentencia, se trata de un asunto final y firme, tanto desde la perspectiva procesal como la sustantiva.  Por lo cual no erró el TPI al permitir, en esta etapa, la ejecución de la misma.

En cuanto a la denegatoria por el TPI de la Moción, en el ejercicio de nuestra discreción, hemos determinado no intervenir con lo actuado por el TPI.  Nada de lo planteado por el Contratista en la Moción, o ante este Tribunal, nos ha convencido que el TPI realmente estuviese en posición de concluir, en esta etapa, que el Demandante carece de prueba para demostrar en juicio la existencia y monto de los daños que alega sufrió como consecuencia del incumplimiento contractual del Demandado.

### VIII.

Por los fundamentos previamente expuestos, (i) se desestima el recurso TA2025RE00007; (ii) se deniega la expedición del auto solicitado mediante el recurso TA2025CE00551; y (iii) se expide el auto solicitado mediante el recurso TA2025CE00457, únicamente a los fines de revocar la sanción de $100.00 impuesta por el Tribunal de Primera Instancia en contra de la parte demandante en su Orden de 12 de septiembre de 2025 (Entrada Núm. 147 en SUMAC) así como la sanción de $500 impuesta a la parte demandante mediante la Orden de 15 de septiembre de 2025 (Entrada Núm. 161 en SUMAC).

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones